UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RANDY MAX PATTERSON,

    Petitioner,

v.                                        Case No. 1:09-CV-10244
                                         Honorable Judge Thomas L. Ludington

BLAINE LAFLER,

    Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR ORAL ARGUMENT, GRANTING PETITIONER'S MOTION TO AMEND HIS HABEAS PETITION, AND GRANTING PETITIONER'S MOTION FOR ACCESS TO CASE AUTHORITIES

Petitioner, Randy Max Patterson, presently confined at Carson City Correctional Facility, in Carson City, Michigan, has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A jury convicted Petitioner of arson of a dwelling house, Mich. Comp. Laws § 750.72, and conspiracy to commit arson, Mich. Comp. Laws § 750.72, but could not reach an agreement on a third felony murder charge. A mistrial was declared with respect to the felony murder charge, and Petitioner subsequently entered a no-contest plea to a lesser second decree murder charge, Mich. Comp. Laws § 750.317. He received a 13-to-20-year sentence on the second-degree murder conviction, and two 7-to-20-year sentences on the arson and conspiracy convictions.

In this § 2254 action, Petitioner challenges the validity of the plea agreement, and alleges ineffective assistance of trial counsel and an invalid sentencing. Pending before the Court are petitioner's "Motion for Oral Argument," "Motion to Amend/Supplement by Leave Petitioner's Writ

of Habeas Corpus Memorandum of Law" and "Motion for Access to Case Authorities Available only in Electronic Databases (Lexis and Westlaw) and Other Access-Limited Publications." For the reasons that follow, the Court will deny petitioner's motion for oral argument, but will grant the motions to amend the petition and for access to case authorities.

I

A

Petitioner requests oral argument in this case because he believes his habeas petition raises issues that are "complex and intricate" such that they require "oral arguments so the courts may benefit and the interests of justice are served." Mot. for Oral Arg. at 2. Although courts do not typically grant oral argument when a party is in custody, a court has discretion to do so. *See* E.D. Mich. L.R. 7.1(e)(1). In this case, the Rule 5 materials were recently filed [Dkt. # 10], as well as the government's motion for summary judgment based on the statute of limitations [Dkt. # 9]. If after reviewing those materials, as well as any responsive filings from Petitioner, the Court believes oral arguments would be beneficial, they will be scheduled. However, it would be premature to schedule oral arguments at this time. Accordingly, the Court will deny the motion for oral argument without prejudice. No additional motions need to be filed with respect to this issue.

B

Next, Petitioner asks for leave to amend his habeas petition to supplement his request for relief. In his original petition, petitioner requested that the Court "[g]rant his petition for Writ of Habeas Corpus directing specific performance of his guilty plea pursuant to *Santobello v. New York,* 404 U.S. 257; 30 L.Ed 427 (1971)." Pet. at 12. Petitioner now asks the court to grant "him a writ of habeas corpus to establish him choice of preference as to the obvious breach of the plea

-2-

agreement in accordance with clearly established federal precedent under *Santobello*, and as an alternative [grant] such other relief as may be appropriate . . . ." Mot. to Amend at 4.

Petitioner's motion to amend was received by this Court on March 18, 2009 [Dkt. # 4]. Respondent filed its first responsive pleading, a motion for summary judgment, on August 12, 2009 [Dkt. # 9]. Petitioner is permitted to amend his pleadings once as a matter of course at any time before he is served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). Petitioner filed his motion to amend prior to receiving a responsive pleading, and was therefore still permitted to amend his pleading once as a matter of course when his motion for leave to amend was filed. Accordingly, Petitioner's motion will be granted and the motion to amend his pleading [Dkt. # 4] will be treated as a supplement to his petition for a writ of habeas corpus [Dkt. # 1].

C

Finally, Petitioner has filed a motion for "Access to Case Authorities Available only in Electronic Databases (Lexis & Westlaw) and Other Access-Limited Publications." Petitioner alleges that he does not have access to cases that are available only on electronic databases like Lexis and Westlaw, or are otherwise unavailable in the prison's library. He further alleges that if such cases form the basis of this Court's decision or the state's opposition to his position it will hamper his opportunity "to understand and assert [his] legal rights." *See Lebron v. Sanders*, 557 F.3d 76, 78 (2nd Cir. 2009);[1] *Davis v. Lafler*, No. 2:07-CV-11900, 2009 WL 2462580 (Aug. 11, 2009); *Rashad v. Lafler*, No. 2:08-CV-14983, 2009 WL 980790 (Apr. 10, 2009). Because it appears that petitioner lacks access to these electronic databases at the prison library, respondent's counsel shall provide

---

[1] This opinion amends and supersedes the original opinion cited to by petitioner in his motion (i.e., *Lebron v. Sanders,* 553 F.3d 152 (2d. Cir. 2009)).

petitioner with paper copies of any unpublished decisions, or decision otherwise unavailable to Petitioner, on which respondent's counsel has supported its pleadings.

Petitioner also asserts the prison library lacks certain common case reporters. Consequently, cases cited to any reporter listed below should be considered "unavailable" to Petitioner. Those reporters are:

> The United States Supreme Court Reporter, Volumes 1- 89 (prior to 1970);
> Federal Reporter, 2nd Series, Volumes 1-420 (prior to 1970);
> Federal Supplement, 1st Series,  Volumes 1-306 (prior to 1970);
> Michigan Reports, Volumes 1-377 (prior to 1986); and
> Michigan Appeals Reports, Volumes 1-147 (prior to 1986).

The Court will similarly produce paper copies of cases on which it has relied that are unavailable to Petitioner. Respondent's counsel does not appear to have cited any unavailable cases in its motion for summary judgment, and therefore no remedial action is required to comply with this order.

### III

Accordingly, it is **ORDERED** that petitioner's motion for oral argument [Dkt. #2] is **DENIED** without prejudice**.**

It is further **ORDERED** that petitioner's motion to amend his habeas petition [Dkt. #4] is **GRANTED.**

It is further **ORDERED** that petitioner's motion for access to case authorities  [Dkt. # 5] is **GRANTED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 24, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 24, 2009

s/Tracy A. Jacobs
TRACY A. JACOBS